of the jurisdiction thus exercised is the alleged misconduct of the officer. If an attorney have collected money for his client, it is prima facie his duty, after deducting his own costs and disbursements, to pay it over to such client; and his refusal to do this, without some good excuse, is gross misconduct and dishonesty on his part, calculated to bring discredit on the court and on the administration, of justice. * * * "

The Court of Appeals in Schell v. Mayor, 128 N. Y. 67, 27 N. E. 957, said:

"The principle upon which this exceptional remedy in such cases is based is the power which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. In such cases the court, in vindication of its own dignity, or for the relief of the client when clearly wronged, may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, direct the payment of money or punish them by fine or imprisonment. When an application is made to the court for the exercise of its power to compel an attorney to pay over money received for and belonging to the client, the ground of the jurisdiction is the misconduct of its own officer."

In the case at bar the money was received by the attorney from his client for a specific purpose. It was not used for that purpose, but retained improperly by the attorney. The giving of a worthless check and note, instead of relieving the attorney from the control of the court by summary proceeding, was an aggravation of the offense.

The order appealed from should be affirmed, with $10 costs and disbursements to the respondent. Order filed. All concur.

---

## PAPA v. RINI.

(Supreme Court, Appellate Division, First Department.  March 17, 1916.)

Proceeding by Pasquale Papa against Michael O. Rini.  Heard on motions. Motions denied.

See, also, 157 N. Y. Supp. 1079.

Argued before CLARKE, P. J., and DOWLING, SMITH, PAGE, and DAVIS, JJ.

PER CURIAM.  Motions denied, without costs.  Orders filed.

---

## EHRENREICH v. KNUDSEN.

(Supreme Court, Appellate Term, First Department.  March 22, 1916.)

1. REPLEVIN ☞107—JUDGMENTS—FORM OF.
   In an action for the possession of chattels delivered to defendant, judgment should be either for recovery of the property, or for its value, in case delivery could not be had, with damages for detention.
   [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 424–428; Dec. Dig. ☞107.]

2. APPEAL AND ERROR ☞1149—TERMINATION—JUDGMENT.
   Where a judgment in an action for the recovery of property was defective, in not providing for its return, that error may be corrected by the appellate court.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ☞1149.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes